IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Tameka Grays, <br><br>             Plaintiff, <br><br> v. <br><br> Comenity LLC, <br><br>             Defendant. | Civil Action No.: _____ <br><br><br> **DEMAND FOR JURY TRIAL** |

## COMPLAINT & JURY DEMAND

For this Complaint, the Plaintiff, Tameka Grays, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here, Plaintiff resides in this judicial district, and a substantial portion of the acts giving rise to this action occurred here.

### PARTIES

3. The Plaintiff, Tameka Grays ("Plaintiff"), is an adult individual residing in Clarkston, Michigan, and is a "person" as defined by 47 U.S.C. § 153(39).

4. Defendant Comenity LLC ("Comenity"), is a Ohio business entity with an address of 1300 East Ninth Street, Cleveland, Ohio 44114, and is a "person" as defined by 47 U.S.C. § 153(39).

5. Comenity at all times acted by and through one or more of the agents.

**FACTS**

6. Beginning during the month of October, 2013, started Comenity calling Plaintiff in an attempt to collect a debt allegedly owed by Plaintiff.

7. At all times referenced herein, Comenity placed calls to Plaintiff's cellular telephone using an automated telephone dialer system ("ATDS" or "predictive dialer").

8. When Plaintiff answered the calls from Comentiy, she would hear a few seconds of silence, followed by being connected to a live representative.

9. Frustrated with the excessive amount of calls she was receiving, within the month of December, 2013, Plaintiff waited on the line after receiving a call from Comenity to speak to a live representative.

10. During their conversation, Plaintiff requested that Comenity cease calling her cellular phone.

11. Despite Plaintiff's request, Comenity continued to harass Plaintiff with ATDS calls to her cellular phone at a rate of up to six calls on a daily basis.

**COUNT I**

**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
47 U.S.C. § 227, et seq.**

12. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

13. At all times mentioned herein and within the last year, Defendant called Plaintiff on her cellular telephone using an automatic telephone dialing system ("ATDS" or "Predictive Dialer").

14. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials

consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…" 2003 TCPA Order, 18 FCC 36 Rcd 14022. The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id.* In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

15. Defendant's telephone systems have earmarks of a Predictive Dialer. Often times when Plaintiff answered the phone, she was met with a period of silence before Defendant's telephone system would connect her to the next available representative.

16. Defendant's Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

17. In the event Defendant at one time had consent to contact Plaintiff on her cellular telephone, Plaintiff revoked her consent by her demand to cease calls to her cellular telephone.

18. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

19. Each of the aforementioned calls made by Defendant constitutes a violation of the TCPA.

20. As a result of each of Defendant's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

21.     As a result of each of Defendant's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendant:

1. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);
2. Punitive damages against Defendant; and
3. Such other and further relief as may be just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: February 25, 2014

Respectfully submitted,

By: /s/ Sergei Lemberg, Esq.
Attorney for Plaintiff Tameka Grays
LEMBERG LAW, L.L.C.
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (888) 953-6237
Email: slemberg@lemberglaw.com